UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAROLD CHARLIAGA,

        Petitioner,

v.

JEFFREY UTTECHT,

        Respondent.

CASE NO. C12-5086-RBL-JRC

ORDER TO SHOW CAUSE

      This petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Plaintiff has moved to proceed in forma pauperis and the Clerk's Office has given him until March 5, 2012, to file the written consent form that was not attached to his motion to proceed in forma pauperis (ECF No. 3).

      The Court has reviewed the proposed petition and the memorandum in support of that petition (ECF No. 1). Petitioner is challenging the 1993 Indeterminate Sentence Review Board ("ISRB") decision that runs his sentences consecutively. The decision of the ISRB appears to have been final on August 3, 1993, when it was issued.

ORDER TO SHOW CAUSE - 1

1   Federal habeas corpus petitions are subject to a statue of limitations under the 1996
2   amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty
3   Act (AEDPA).  28 U.S.C. § 2244(d) provides as follows:

4   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The
5   limitation period shall run from the latest of-
        (A)  the date on which the judgment became final by conclusion of direct review
6   or the expiration of the time for seeking such review;
        (B)  the date on which the impediment to filing an application created by State
7   action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
8       (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
9   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending
10  shall not be counted toward any period of limitation under this subsection.

11  Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on
12  which the state court judgment became final by the conclusion of direct review or the expiration
13  of the time for seeking such review. 28 U.S.C. § 2244 (d) was signed into law on April 24, 1996.
14  Petitioner would have had until April 24, 1997 to file a petition or take action in state court.
15  Thus, this petition appears to be time-barred.

16  Petitioner is directed to show cause why the petition should not be summarily dismissed.
17  The response will be due on or before **March 5, 2012**, along with the corrected forms for
18  proceeding in forma pauperis. The Court will consider if the petition is time-barred at the same
19  time it considers whether to grant in forma pauperis in this case.

20  Dated this 6th day February, 2012.

21

22

23  J. Richard Creatura
    United States Magistrate Judge
24