UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAROLD CHARLIAGA,

        Petitioner,

v.

JEFFREY UTTECHT,

        Respondent.

CASE NO. C12-5086 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MAY 18, 2012

The District Court has referred this 28 U.S.C. § 2254 habeas corpus petition to the undersigned Magistrate Judge. Authority for the referral is found in 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

The Court screened the petition prior to granting in forma pauperis status and issued an Order to Show Cause (ECF No. 4). The Court issued the Order to Show Cause because it appears the petition is time barred by approximately fourteen years. The Court gave petitioner until March 5, 2012, to file a response. Petitioner refused to accept the order when it was mailed to him and it was returned by prison officials (ECF No. 6). The Court treated this refusal to accept mail as failure to keep the Court advised of an address and pursuant to Local Rule 41 (b) (2) has

REPORT AND RECOMMENDATION - 1

| 1  | waited 60 days to hear from petitioner. The Court does not base this Report and |
| 2  | Recommendation on Local Rule 41 (b) (2). |

Petitioner attempts to challenge an Indeterminate Sentence Review Board, ISRB, decision made nineteen years ago in August of 1993. The ISRB set minimum terms for two counts of first degree murder with aggravating circumstances. The Superior Court ran the sentences consecutively (ECF No. 1, proposed memorandum in support of the petition Exhibit 6).

The Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year limitation period for filing such petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In petitioner's case the one year ran from the effective date of the act April 24, 1996, until April 24, 1997.

The Court sua sponte raised timeliness of the petition on screening prior to a grant of in forma pauperis status. The Court gave petitioner the opportunity to respond. District Courts are permitted, but not obligated, to consider sua sponte the timeliness of a state prisoner's habeas petition. Day v. McDonough, 547 U.S. 198, 209 (2006). The Court afforded petitioner fair notice and an opportunity to respond.

Petitioner has failed to respond to a Court Order and failed to show that his petition challenging the 1993 decision of the Indeterminate Sentence Review Board is timely. The Court recommends denial of the motion to proceed in forma pauperis and dismissal of the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

1  review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
2  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May
3  18, 2012, as noted in the caption.

    Dated this 19th day of April, 2012.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge